# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. _____ |
| v. | : | DATE FILED: _____ |
| **CHRISTIAN A. DELGADO** | : | VIOLATIONS:<br>18 U.S.C. § 371 (conspiracy to commit |
| | : | bankruptcy fraud and mail fraud – 1 count) |
| | : | 18 U.S.C. § 152(3) (bankruptcy fraud – 2 counts) |
| | : | 18 U.S.C. § 1341 (mail fraud – 1 count)<br>18 U.S.C. § 2 (aiding and abetting) |
| | : | Notice of forfeiture |

## INFORMATION

### COUNT ONE
### (Conspiracy to Commit Bankruptcy Fraud and Mail Fraud – 18 U.S.C. § 371)

**THE UNITED STATES ATTORNEY CHARGES THAT:**

The Defendant, Relevant Individuals, and Entities:

At all times relevant to this Information:

1. Defendant CHRISTIAN A. DELGADO was operating the Pennsylvania office of Accurate Mortgage Solutions ("Accurate") from premises in Wilkes-Barre, Pennsylvania.

2. Accurate was a New Jersey limited liability company, headquartered in Wayne, New Jersey, that purported to provide mortgage modification assistance and other related services to consumers facing foreclosure, eviction, and collection actions.

3. Person No. 1 and Person No. 2 owned a house (the "House") in Upper Darby Township, Delaware County, Pennsylvania.

4. Newlands Asset Holding Trust, Care of U.S. Bank Trust N.A. ("Newlands") was a company headquartered in Charlotte, North Carolina. Newlands held a mortgage on the House.

5. From 2011 through 2017, Person No. 1 and Person No. 2 made a total of only eight mortgage loan payments.

6. On May 30, 2012, Newlands's predecessor, JP Morgan Chase Bank N.A., filed a mortgage foreclosure action against Person No. 1 and Person No. 2.

## The Conspiracy

7. From at least in or about August 2017 through at least in or about August 23, 2018, in the Eastern District of Pennsylvania and elsewhere, defendant

**CHRISTIAN A. DELGADO**

conspired and agreed, together and with Person No. 1 and Person No. 2 and others known and unknown to the United States Attorney, to commit offenses against the United States, namely:

> (a) bankruptcy fraud, that is, knowingly and with the intent to defraud, participated in, with knowledge of its fraudulent nature, a scheme and artifice to defraud and obtain money and property by materially false and fraudulent pretenses, representations, and promises, and for the purposes of executing this scheme knowingly and fraudulently made material false declarations,

certificates and verifications under the penalty of perjury, as permitted under Section 1746 of Title 28, United States Code, in and in relation to a case under Title 11, United States Code, in violation of Title 18, United States Code, Section 152(3);

(b) mail fraud, that is, knowingly executing a scheme to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and in furtherance of the scheme placing in an authorized depository for mail matter any matter or thing to be sent and delivered by the Postal Service , in violation of Title 18 United States Code, Section 1341.

<u>Manner and Means</u>

It was part of the scheme that:

8. To stop the foreclosure and keep the House without paying for it, Person No. 1 and Person No. 2 filed a total of fourteen bankruptcy cases in the Eastern District of Pennsylvania and the Middle District of Pennsylvania.

9. Each time Person No. 1 and Person No. 2 filed a bankruptcy case, the filing initiated the bankruptcy automatic stay, which was an automatic federal injunction against creditors' collection actions that was effective (subject to certain exceptions) while a bankruptcy case was open.

10. Each bankruptcy filing by Person No. 1 or Person No. 2 stopped Newlands's foreclosure action and allowed Person No. 1 and Person No. 2 to stay in the House.

11. All fourteen bankruptcy cases were dismissed without an order discharging Person No. 1 or Person No. 2 from their debts because they failed to comply with multiple requirements of the Bankruptcy Code in each case.

12. On or about January 20, 2017, Newlands completed its foreclosure action and obtained a sheriff's deed for the House.

13. On January 31, 2017, because of Person No. 1's repeated bankruptcy filings and failure to comply with the Bankruptcy Code in each case, the U.S. Bankruptcy Court for the Eastern District of Pennsylvania entered an order barring Person No. 1 "from filing any future bankruptcy cases without express permission from the Court."

14. On November 8, 2017, because of Person No. 2's repeated bankruptcy filings and failure to comply with the Bankruptcy Code in each case, the U.S. Bankruptcy Court for the Middle District of Pennsylvania entered an order barring Person No. 2 "from filing another bankruptcy in this judicial district for a period of 180 days from the date hereof, unless the Debtor can demonstrate a change of circumstance warranting modification of this Order."

15. On April 25, 2017, Newlands commenced an action in ejectment in the Court of Common Pleas for Delaware County against Person No. 1 and Person No. 2 to remove them from the House. A lock out was scheduled for May 7, 2018.

16. Person No. 1 contacted defendant CHRISTIAN A. DELGADO and Accurate to set up an initial appointment to discuss assistance with a possible mortgage modification on the House even though Newlands's mortgage foreclosure was complete.

17. Person No. 1 enlisted defendant CHRISTIAN A. DELGADO to help her file bankruptcy cases in the Middle District of Pennsylvania. These filings would initiate the automatic stay, and stop Newlands's eviction proceedings.

18. Defendant CHRISTIAN A. DELGADO, at the direction of Person No. 1 and Person No. 2, filed at least four fraudulent bankruptcy petitions in the U.S. Bankruptcy Court for the Middle District of Pennsylvania.

19. Defendant CHRISTIAN A. DELGADO mailed a client intake form and an authorization form to Person No. 1 using the U.S. Mail.

20. Defendant CHRISTIAN A. DELGADO then filed and caused to be filed four false and fraudulent bankruptcy petitions, statements of financial affairs, and bankruptcy schedules as directed by Person No. 1 and Person No. 2, which he signed and caused to be signed as true and correct, under penalty of perjury, in which defendant DELGADO intentionally omitted and concealed material facts and provided false and misleading information.

Overt Acts

In furtherance of the conspiracy and to accomplish its objects, defendant CHRISTIAN A. DELGADO committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere.

1. On or about May 4, 2018, defendant CHRISTIAN A. DELGADO, at the direction of Person No. 1, completed and signed false and fraudulent bankruptcy documents in Person No. 2's name, including a bankruptcy petition, schedules of assets and liabilities, statement of financial affairs, and bankruptcy declaration.

2. On or about May 4, 2018, defendant CHRISTIAN A. DELGADO took a false and fraudulent bankruptcy petition, schedules of assets and liabilities, statement of financial affairs, and bankruptcy declaration to the Clerk's Office for the U.S. Bankruptcy Court for the Middle District of Pennsylvania, in Wilkes-Barre, and filed them, which initiated Case No. 18-01902.

3. On or about May 4, 2018, defendant CHRISTIAN A. DELGADO, at the direction of Person No. 1, completed and signed false and fraudulent bankruptcy documents in Person No. 1's name, including a bankruptcy petition, schedules of assets and liabilities, statement of financial affairs, and bankruptcy declaration.

4. On or about May 4, 2018, defendant CHRISTIAN A. DELGADO took a false and fraudulent bankruptcy petition, schedules of assets and liabilities, statement of financial affairs, and bankruptcy declaration to the Clerk's Office for the U.S. Bankruptcy Court for the Middle District of Pennsylvania, in Wilkes-Barre, and filed them, which initiated Case No. 18-01904.

5. On or about August 22, 2018, defendant CHRISTIAN A. DELGADO, at the direction of Person No. 1, completed and signed false and fraudulent bankruptcy documents in Person No. 1's name, including a bankruptcy petition,

schedules of assets and liabilities, statement of financial affairs, and bankruptcy declaration.

6. Defendant CHRISTIAN A. DELGADO took a false and fraudulent bankruptcy petition, schedules of assets and liabilities, statement of financial affairs, and bankruptcy declaration to the Clerk's Office for the U.S. Bankruptcy Court for the Middle District of Pennsylvania, in Wilkes-Barre, and filed them, which initiated Case No. 18-0438.

7. On or about August 23, 2018, defendant CHRISTIAN A. DELGADO, at the direction of Person No. 1, completed and signed false and fraudulent bankruptcy documents in Person No. 1's name, including a bankruptcy petition, schedules of assets and liabilities, statement of financial affairs, and bankruptcy declaration.

8. Defendant CHRISTIAN A. DELGADO took a false and fraudulent bankruptcy petition, schedules of assets and liabilities, statement of financial affairs, and bankruptcy declaration to the Clerk's Office for the U.S. Bankruptcy Court for the Middle District of Pennsylvania, in Wilkes-Barre, and filed them, which initiated Case No. 18-03512.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO AND THREE
## (Bankruptcy Fraud – 18 U.S.C. § 152(3))

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. Paragraphs 1 to 6 and 8 to 20 and the Overt Acts of Count One of this Information are realleged and incorporated by reference as though fully set forth herein.

2. On or about May 4, 2018 in Upper Darby Township, in the Eastern District of Pennsylvania, and elsewhere,

**CHRISTIAN A. DELGADO,**

for the purpose of executing the scheme described above, and attempting to do so, and aiding and abetting its execution knowingly and fraudulently made material false declarations, certificates, and verifications under the penalty of perjury as permitted under Title 28, United States Code, Section 1746, in and in relation to a case under Title 11, United States Code, by filing petitions, statements of current monthly income, schedules of assets and liabilities, and statements of financial affairs in which defendant DELGADO made false statements as follows:

| COUNT | DATE | CASE NUMBER | FALSE STATEMENTS |
|---|---|---|---|
| TWO | May 4, 2018 | 18-01902 (M.D. Pa.) | 1. Person No. 2 was not married<br>2. Person No. 2 had lived in the Middle District of Pennsylvania for the last 180 days<br>3. Person No. 2 had no current income or employment.<br>4. Person No. 2 had no bank accounts.<br>5. Incomplete list of Person No. 2's previously-filed bankruptcy cases. |

| | | | |
|---|---|---|---|
| THREE | May 4, 2018 | 18-01904 (M.D. Pa.) | 1. Person No. 1 was not married<br>2. Person No. 1 had lived in the Middle District of Pennsylvania for the last 180 days<br>3. Person No. 1 had no current household income.<br>4. Person No. 1 had no bank accounts.<br>5. Incomplete list of Person No. 1's previously-filed bankruptcy cases. |

All in violation of Title 18, United States Code, Sections 152(3) and 2.

## COUNT FOUR
## (Mail Fraud – 18 U.S.C. §1341)

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. Paragraphs 1 to 6 and the Overt Acts of Count One of this Information are realleged and incorporated by reference as though fully set forth herein.

### The Scheme

2. From at least as early as in or about August 2017 to on or about August 23, 2018, defendant

**CHRISTIAN A. DELGADO**

devised and intended to devise a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

### Manner and Means

It was part of the scheme that:

3. Paragraphs 8 to 20 of Count One of this Information are realleged and incorporated by reference as a description of the scheme.

### The Mailing

4. On or about August 2017, in the Eastern District of Pennsylvania, and elsewhere, defendant

**CHRISTIAN A. DELGADO**

for the purpose of executing the scheme described above, and attempting to do so, knowingly caused to be delivered by the United States Postal Service according to the

direction thereon, an Accurate client intake form and authorization form.

In violation of Title 18, United States Code, Section 1341.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

     1.    As a result of the violations of Title 18, United States Code, Sections 371, 152(3), and 1341, set forth in this Information, defendant

## CHRISTIAN A. DELGADO

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds obtained directly or indirectly from the commission of such violations.

     2.    If any of the property subject to forfeiture, as a result of any act or omission of the defendant(s):

        (a)    cannot be located upon the exercise of due diligence;

        (b)    has been transferred or sold to, or deposited with, a third party;

        (c)    has been placed beyond the jurisdiction of the Court;

        (d)    has been substantially diminished in value; or

        (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code Section 982.

*[signature: Ronald Sarachan for]*

**WILLIAM M. McSWAIN**
**United States Attorney**

*No.*_ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

CHRISTIAN A. DELGADO

INFORMATION

Counts
18 U.S.C. § 371 (conspiracy to commit bankruptcy fraud and mail fraud – 1 count); 18 U.S.C. § 152(3) (bankruptcy fraud – 2 counts);18 U.S.C. § 1341 (mail fraud – 1 count);18 U.S.C. § 2 (aiding and abetting); Notice of forfeiture

A true bill.

_____
Foreman

Filed in open court this _____day,
Of _____A.D. 20_____
_____
Clerk

Bail, $_____